UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


EMMETT BUFFMAN,

                     Plaintiff,

                                              CASE NO. 14-CV-12577
v.                                     HONORABLE JUDITH E. LEVY

MISS MOODY, et al.,

                     Defendants.
_____/

**OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL
AND DIRECTING SERVICE UPON THE REMAINING DEFENDANT**

## I.    Introduction

Federal prisoner Emmett Buffman ("Plaintiff"), currently confined at the Federal Correctional Institution in Milan, Michigan, has filed a pro se civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), raising claims concerning his medical accommodations related to prison education and employment, his custody score, and retaliation. He names Unit Manager Miss Moody, Unit B2 Counselor A. McClatchey, Warden J.A. Terris, Bureau of Prisons Director Charles Samuels, and United States Attorney General Eric J. Holder as the defendants in this action and sues them in their individual and official capacities. He seeks injunctive and other appropriate relief. Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action.

## II.    Discussion

Under the Prison Litigation Reform Act ("PLRA"), a federal court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary

relief from a defendant who is immune from such relief.  *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. §

1915(e)(2)(B).  A federal court is similarly required to dismiss a complaint seeking redress against

government entities, officers, and employees which is frivolous or malicious, fails to state a claim

upon which relief may be granted, or seeks monetary relief from a defendant who is immune from

such relief.  *See* 28 U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable basis in law or

in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325

(1989).

A pro se civil rights complaint is to be construed liberally.  *Haines v. Kerner*, 404 U.S. 519,

520-21 (1972).  Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth

"a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a

demand for the relief sought."  Fed. R. Civ. P. 8(a)(2), (3).  The purpose of this rule is to "give the

defendant fair notice of what the claim is and the grounds upon which it rests."  *Bell Atlantic Corp.

v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).  While this notice pleading standard does

not require "detailed" factual allegations, it does require more than the bare assertion of legal

principles or conclusions.  *Id*. at 555.  "A pleading that offers 'labels and conclusions' or 'a

formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting *Twombly*, 550

U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further

factual enhancement.'"  *Id*. (quoting *Twombly*, 550 U.S. at 557).

To state a federal civil rights claim, a plaintiff must allege that:  (1) he was deprived of a

right, privilege, or immunity secured by the federal Constitution or laws of the United States; and

(2) the deprivation was caused by a person acting under color of state or federal law.  *Flagg Bros.

v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

Additionally, a plaintiff must allege that the deprivation of his rights was intentional, not merely

negligent.  *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986).

> **A.     Claims Against Defendants McClatchey, Terris, Samuel, and Holder**

Plaintiff fails to state a claim upon which relief may be granted as to defendants McClatchey, Terris, Samuel, and Holder because he fails to allege facts to demonstrate their personal involvement in any alleged improper conduct.  It is well-settled that a plaintiff must allege the personal involvement of a defendant to state a civil rights claim under 42 U.S.C. § 1983 or *Bivens*.  *See Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978) (Section 1983 liability cannot be based upon a theory of respondeat superior or vicarious liability); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (same); *Taylor v. Michigan Dep't of Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995) (plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in misconduct to establish liability).  Plaintiff has not done so in his complaint.

Any assertion by Plaintiff that the foregoing defendants failed to supervise an employee, should be vicariously liable for another employee's conduct, erred in denying his grievances, and/or did not sufficiently respond to the situation are insufficient to state a civil rights claim.  *See, e.g., Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001).  Moreover, Plaintiff has not alleged facts to show that any injury he suffered is the result of any policy or regulation, or that any improper conduct arose from the deliberate failure to adequately investigate, train, or supervise employees.  *See Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006) (setting forth three-part test for such claims).  Consequently, he fails to state a claim upon which relief may be granted as to defendants McClatchey, Terris, Samuel, and Holder.  His complaint against those defendants must therefore be dismissed.

**B.     Claims Against Defendant Moody**

Plaintiff's claims against defendant Moody are not subject to summary dismissal at this juncture.  While Plaintiff may or may not ultimately prevail on such claims, he has pled sufficient facts to state potential claims for relief.  Service of the complaint upon defendant Moody is therefore appropriate.

**III.     Conclusion**

Based upon the foregoing discussion, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted against defendants McClatchey, Terris, Samuel, and Holder in his complaint.  Accordingly, the Court **DISMISSES WITH PREJUDICE** the civil rights complaint as to those defendants.  The Court, however, further finds that Plaintiff's complaint is not subject to summary dismissal as to defendant Moody.  Accordingly, the Court **DIRECTS** that a copy of the complaint and a copy of this order be served upon defendant Moody by the United States Marshal without prepayment of costs.

Finally, the Court concludes that an appeal from this order would be frivolous and cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

Dated: July 31, 2014                              s/Judith E. Levy
          Ann Arbor, Michigan                    JUDITH E. LEVY
                                                              United States District Judge

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 31, 2014.

                                                              s/Felicia M. Moses
                                                              FELICIA M. MOSES

4

Case Manager