UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMMETT BUFFMAN
(#19368-424),

       Plaintiff,

                               CASE NO. 5:14-CV-12577
                               JUDGE JUDITH E. LEVY
                               MAGISTRATE JUDGE PAUL J. KOMIVES

  v.

MOODY,
A. MCCLATCHEY,
J. A. TERRIS,
SAMUELS and
ERIC J. HOLDER,

       Defendants.
_____/

**ORDER GRANTING IN PART PLAINTIFF'S JULY 14, 2014 MOTION FOR ADMISSION OF EVIDENCE ON THE RECORD TO BE UTILIZED FOR ANY AND ALL MOTIONS PRESENTED TO THIS COURT IN THE CASE AT BAR AT AY TIME DURING THIS CASE (Doc. Ent. 5)**

**A.    Plaintiff is a Party to an Earlier Filed Case.**

Emmett Buffman (#19368-424) is currently incarcerated at FCI Milan. *See* www.bop.gov, "Inmate Locator." On September 19, 2013, Buffman filed a lawsuit against the United States of America, as well as FCI Milan Warden J.A. Terris; FCI Milan Health Services Administrator Mr. Zesto; FCI Milan Medical Licensed Practitioner (MLP) Restituto Pomaloy; FCI Milan MLP Stephen Gidal and FCI Milan Clinical Director William Malatinsky. *See* Case No. 5:13-cv-14024-JEL-MKM (E.D. Mich.). As described by Magistrate Judge Majzoub in her July 10, 2014 report and recommendation, "[p]laintiff's claims arise from the medical treatment he received for two boils on his body located underneath his left arm and in the groin area."

The United States of America has filed an answer. The individual defendants and the United States of America have each filed dispositive motions, both of which remain pending before this Court.

**B.     In the Instant Case, Service of Process is Ongoing as to the Sole Remaining Defendant (Moody).**

On June 26, 2014, Buffman filed a prisoner civil rights complaint pro se against Miss Moody, described as an FCI Milan Unit Manager; A. McClatchey, described as an FCI Milan Unit Counselor; J. A. Terris, described as the FCI Milan Warden; Mr. Samuels (Charles E. Samuels, Jr.), the Federal Bureau of Prisons (BOP) Director; and Eric J. Holder (Eric H. Holder, Jr.), Attorney General of the United States. Doc. Ent. 1 at 1-2, 10.[1]

The bulk of plaintiff's initial filing is titled an "Emergency Motion for Emergency Restraining Order to Have Plaintiff Removed from Any Unit Team Inclusive of Miss Moody or Mr. McClatchey[,]" Doc. Ent. 1 at 3-7. Therein, plaintiff describes, among other things, Miss Moody's March 27, 2013 delivery of an "Incident Report" for "General Housekeeping" with a violation for "Being Unsanitary or Untidy," and points out that his March 29, 2013 BOP Health Services Medical Duty Status, issued by Stephen Gidel, MLP, indicates that plaintiff was confined to the living quarters except for meals, pill line and treatments until March 31, 2013; was under convalescence until March 31, 2013; and was not cleared to work in food service. Doc. Ent. 1 at 5-6 ¶ 6, Doc. Ent. 1 at 9 (Exhibit 1). This filing also mentions the events of June 16, 2014. Doc. Ent. 1 at 3-4 ¶ 2, Doc. Ent. 1 at 6 ¶ 7.[2]

---

[1] Defendants Samuels and Holder's full names were available on their respective agency's websites. *See* www.bop.gov and www.justice.gov.

[2] Within his complaint, plaintiff mentions *Millbrook*. *See* Doc. Ent. 1 at 6 ¶ 9. The Court assumes plaintiff is referring to *Millbrook v. United States*, 133 S.Ct. 1441 (Mar. 27, 2013), wherein

On July 30, 2014, Magistrate Judge Whalen entered an order (Doc. Ent. 8) waiving prepayment of the filing fee and directing periodic subsequent payments of the filing fee. The following day, on July 31, 2014, Judge Levy entered an opinion and order (Doc. Ent. 9) of partial summary dismissal and directing service upon the remaining defendant. Specifically, the order dismissed with prejudice the civil rights complaint as to defendants McClatchey, Terris, Samuel and Holder but directed the U.S. Marshal to serve defendant Moody. Doc. Ent. 9 at 4.

On August 5, 2014, the U.S. Marshal acknowledged receipt of documents for service of process upon Moody. Doc. Ent. 11. As of August 20, 2014, Moody had not appeared.

**C.    Plaintiff's July 14, 2014 Motion Seeks to Supplement the Record with His July 9, 2014 Sworn Statement.**

Judge Levy has referred this case to me for pretrial proceedings. Doc. Ent. 10. Currently before the Court is plaintiff's July 14, 2014 motion for admission of evidence on the record to be utilized for any and all motions presented to this Court in the case at bar at any time during this case. Doc. Ent. 5 at 1-2. Citing his attached July 9, 2014 sworn statement (*see* Doc. Ent. 5 at 3-11), plaintiff claims it "should be allowed . . . to be an attachment to all future motions filed with the court in this case, or in the alternative a piece of evidence admitted on the record to be referred to at any point throughout this legal process[.]" Doc. Ent. 5 at 1 ¶ 3. Plaintiff requests that the Court "[g]rant admission of this evidence on the record to be utilized for any and all

---

the Supreme Court of the United States considered "the circumstances under which intentionally tortious conduct by law enforcement officers can give rise to an actionable claim under the FTCA." *Millbrook*, 133 S.Ct. at 1444. The Supreme Court held, "the [Federal Tort Claims Act (FTCA)] waiver effected by the law enforcement proviso extends to acts or omissions of law enforcement officers that arise within the scope of their employment, regardless of whether the officers are engaged in investigative or law enforcement activity, or are executing a search, seizing evidence, or making an arrest." *Millbrook*, 133 S.Ct. at 1446.

motions presented to this court in the case at bar at any time during this case[.]" Doc. Ent. 5 at 2 ¶ A.

Attached to the motion is plaintiff's July 9, 2014 sworn statement. Doc. Ent. 5 at 3-11. Therein, plaintiff first addresses the events of March 27, 2013 through April 1, 2013, mentioning Moody. Doc. Ent. 5 at 3-4. Then, fast-forwarding to 2014, plaintiff describes the events of April 3, 2014 through July 9, 2014, mentioning defendants Moody, McClatchey, Samuels and Terris (Doc. Ent. Ent. 5 at 4-11), as well as what appear to be references to Forms BP-9 ("Request for Administrative Remedy")[3] (Doc. Ent. 5 at 7, 9-10).[4]

**D.    Order**

Upon consideration, plaintiff's July 14, 2014 motion for admission of evidence on the record to be utilized for any and all motions presented to this Court in the case at bar at any time during this case (Doc. Ent. 5) is GRANTED but only to the extent it asks this Court to recognize plaintiff's July 9, 2014 sworn statement (Doc. Ent. 5 at 3-11). To be clear, this does not mean that the Court will reconsider its July 31, 2014 order (Doc. Ent. 9), because such a request would need to be filed in accordance with E.D. Mich. LR 71(h) ("Motions for Rehearing or Reconsideration."). Furthermore, plaintiff is cautioned that he must make specific reference to the sworn statement in future filings in order for the Court to consider it.

**IT IS SO ORDERED.**

---

[3]There is also a Form BP-10 ("Regional Administrative Remedy Appeal") and a Form BP-11 ("Central Office Administrative Remedy Appeal"). *See* www.bop.gov, "Resources," "BOP Policies," 1330.18 ("Administrative Remedy Program").

[4]Plaintiff's sworn statement also mentions *Diaz v. Romita*, No. 05-70928, 2006 WL 903622 (E.D. Mich. Apr. 7, 2006) (Roberts, J.) and *Millbrook*. *See* Doc. Ent. 5 at 8, 11.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of service of a copy of this order within which to file an appeal for consideration by the district judge under 28 U.S.C. § 636(b)(1).


Dated: September 10, 2014          s/ Paul J. Komives
                                   PAUL J. KOMIVES
                                   UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the forgoing document was sent to parities of record on September 10, 2014, electronically and/or by U.S. Mail.

                                   s/Michael Williams
                                   Case Manager for the
                                   Honorable Paul J. Komives