UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMMETT BUFFMAN,

               Plaintiff,                     Case No. 5:14-cv-12577
                                               Judge Judith E. Levy
v.                                         Magistrate Judge Anthony P. Patti

MISS MOODY, *et al.*,

               Defendants.
_____/

**OPINION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S
AUGUST 28, 2014 REQUEST FOR APPOINTMENT OF COUNSEL OR
SUBMISSION TO PRO BONO COMMITTEE (DE 12) and REQUIRING
PLAINTIFF TO SHOW CAUSE WHY HIS CASE AGAINST DEFENDANT
MOODY SHOULD NOT BE DISMISSED**

**I.**     **OPINION**

     **A.**     **Defendant Moody of FCI Milan is the only remaining Defendant.**

On June 26, 2014, while incarcerated at Federal Correctional Institution

(FCI) Milan, Emmett Buffman (19368-424) filed a lawsuit pursuant to *Bivens v.*

*Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388*

*(1971)* against five (5) defendants:  Moody, McClatchey, and Terris (each of FCI

Milan), as well as BOP Director Samuels and Attorney General Eric Holder.

Plaintiff is proceeding *in forma pauperis*.  (DE 2, 6, 7 and 8.)

On July 31, 2014, Judge Levy entered an opinion and order of partial summary dismissal as to Plaintiff's claims against four (4) of the defendants (McClatchey, Terris, Samuel, and Holder) and directed service upon the remaining defendant (Moody).  (DE 9.)  Defendant Moody has yet to appear, and there is no executed "waiver of the service of summons" or other evidence of service on the docket.  To the contrary, the docket demonstrates a lack of successful service. (*See*, *i.e.*, DE 14.)[1]  Attempts at service upon Defendant Moody have not been without effort by the Court and the U.S. Marshal.  For example, on August 5, 2014, the U.S. Marshal was provided with papers for service upon Moody.  (DE 11.)  The waiver was returned to sender on the basis that Moody was not at FCI Milan.  (DE 14.)[2]

**B.    Plaintiff's Complaint seeks injunctive relief against an FCI Milan Defendant, but Plaintiff has transferred to FCI Elkton.**

If the *situs* of Plaintiff's incarceration had remained static, this Court would continue to oversee the attempts at service upon Defendant Moody.  However,

---

[1] Notwithstanding this, in his August 28, 2014 filing, Plaintiff claims that the U.S. Marshal served Moody, allegedly prompting FCI Milan Warden J. A. Terris to force Unit Manager Moody "to retire early to save her pension, and several weeks ago she officially retired."  DE 12 at 1 ¶ 1.

[2] On October 21, 2014, an order was entered directing service without prepayment of costs and directing the MDOC to provide certain information.  (DE 15.)  Therefore, it makes sense that the MDOC sent us a letter stating that Moody is not a current or past employee of the MDOC.  (DE 16.)

Plaintiff appears to seek <u>only injunctive relief,</u> in the form of "IMMEDIATE PLACEMENT IN AN ALTERNATIVE UNIT WITH NO OVERSIGHT BY MISS MOODY OR MR. MCCLATCHEY" (emphasis in original), a cease and desist order relating to the same, as well as "further and other relief that this Honorable Court deems just and necessary[,]" DE 1 at 7. There is no request for legal remedies, only equitable ones. The Court must, therefore, consider whether Plaintiff's claims against Moody have been rendered moot by Plaintiff's transfer from FCI Milan.  This is so, because claims for declaratory and injunctive relief are often mooted by prisoner's transfer from the custody of the institution against whom he or she seeks the injunctive relief.  *See, i.e., <u>Kensu v. Haigh</u>*, 87 F.3d 172, 175 (6th Cir. 1996) ("to the extent Kensu seeks declaratory and injunctive relief his claims are now moot as he is no longer confined to the institution that searched his mail.").

Here, the facts underlying Plaintiff's claims against Moody relate to the 2013 and 2014 timeframe, while Plaintiff was incarcerated at FCI Milan.  (*See, i.e.,* DE 1 ¶¶ 2, 6, 7.)[3]  Moreover, even though Plaintiff asks for relief continuing

---

[3] Plaintiff's June 26, 2014 initial filing, which is titled an "emergency motion for emergency restraining order to have Plaintiff removed from any Unit Team inclusive of Miss Moody or Mr. McClatchey," refers to a civil rights complaint submitted on June 9, 2014.  (DE 1 ¶ 1.)  However, the only other case attributable to Mr. Buffman is *Buffman v. United States of America*, Case No. 5:13-cv-14024-JEL-MKM (E.D. Mich.).  Therefore, the Court treats Plaintiff's June 26, 2014 initial filing as his complaint.

throughout his confinement with the FBOP, Plaintiff's prayer seems to be limited to injunctive relief.  (DE 1 at 7.)  Additionally, on or about June 15, 2015, Buffman was transferred to FCI Elkton in Lisbon, Ohio.  (DE 18.)  Thus, it appears as if Plaintiff's claims for injunctive relief against FCI Milan Defendant Moody may have been rendered moot by Plaintiff's transfer from FCI Milan, not to mention Plaintiff's allegation that Ms. Moody has retired.  (DE 12 at 1 ¶ 1.)

### C.    Plaintiff also seeks pro bono counsel.

On August 28, 2014, Plaintiff filed a request for appointment of counsel or submission to pro bono committee pursuant to 18 U.S.C. § 3006A ("Adequate representation of defendants").  (DE 12.)  Although Plaintiff styles his motion as a "request for appointment of counsel or submission to pro bono committee," the Court does not have the authority to appoint a private attorney for Plaintiff in this civil matter.

Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "[t]he court *may request* an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1) (emphasis added).  However, even if the circumstances of Plaintiff's case convinced the Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to recruit counsel under 28 U.S.C. § 1915(e)(1)."  *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014); *see also Olson v. Morgan*, 750

4

F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases.").

With respect to prisoner civil rights cases in particular, the Court of Appeals for the Sixth Circuit has held that "there is no right to counsel. . . .  The appointment of counsel in a civil proceeding is justified only by exceptional circumstances." *Bennett v. Smith,* 110 F. App'x 633, 635 (6th Cir. 2004).  The Court will consider whether such "exceptional circumstances" exist should Plaintiff:  successfully argue that his case against Defendant Moody was not mooted by Plaintiff's transfer from FCI Milan; prevail in dispositive motion practice; and, renew his motion for counsel.

## II.     ORDER

Accordingly, Plaintiff's August 28, 2014 request for appointment of counsel or submission to pro bono committee (DE 12) is **DENIED WITHOUT PREJUDICE.**  Plaintiff may petition the Court for the recruitment of *pro bono* counsel if this case survives dispositive motion practice, proceeds to trial, or if other circumstances demonstrate such a need in the future.

Additionally, within twenty-one (21) days, Plaintiff shall **SHOW CAUSE** in writing why his case against FCI Milan Defendant Miss Moody should not be dismissed as moot.

5

**IT IS SO ORDERED.**

Dated: November 13, 2015       s/Anthony P. Patti
                              Anthony P. Patti
                              UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on November 13, 2015, electronically and/or by U.S. Mail.

                              s/Michael Williams
                              Case Manager for the
                              Honorable Anthony P. Patti