UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Emmett Buffman,

           Plaintiff,        Case No. 14-cv-12577

v.                                  Judith E. Levy
                                  United States District Judge

Miss Moody, *et al.*,

                                  Mag. Judge Anthony P. Patti

           Defendants.

_____/

**ORDER ADOPTING THE REPORT & RECOMMENDATION [22]
AND DISMISSING ALL REMAINING CLAIMS**

On June 26, 2014, plaintiff Emmett Buffman filed what he titled an "Emergency Motion for Emergency Restraining Order To Have Plaintiff Removed From Any Unit Inclusive of Miss Moody or Mr. McClatchey". (Dkt. 1 at 3-8.) That filing also included a Prisoner Civil Rights Complaint cover sheet and a Civil Cover Sheet for Prisoner Cases. (Id. at 1, 12.)

On July 31, 2014, the Court dismissed all defendants from this case except for Miss Moody. (Dkt. 9.) On November 13, 2015, Magistrate Judge Patti issued an order requiring plaintiff to show cause

why his case against remaining defendant Moody should not be dismissed both for failure to serve her and due to the seeming mootness of his emergency motion following his transfer from FCI Milan to FCI Elkton. (Dkt. 20.) Plaintiff responded on November 30, 2015, citing unpleaded claims arising from his application to proceed without payment of fees and attaching a denial of an administrative grievance, dated October 17, 2014. (Dkt. 21.) He also sought a court order requiring the Federal Bureau of Prisons to provide information to the U.S. Marshals Service regarding a first name and an address for Moody, because plaintiff lacked sufficient information to identify or locate Moody for purposes of service. (Id.)

On April 6, 2016, Judge Patti issued a Report and Recommendation recommending that the Court dismiss the remaining claims in this case on the grounds that: 1) the initial filing in this matter is not a true complaint, but is instead an emergency motion for a restraining order; 2) even if the initial filing is construed as a complaint, it was rendered moot by plaintiff's transfer out of the facility in which Moody worked; and 3) any amendment of the complaint would

be futile, as plaintiff failed to exhaust his administrative remedies prior to filing suit. (Dkt. 22.)

Following an extension of the time to file objections to the Report and Recommendation (Dkt. 24), plaintiff timely filed his objections, which were received by the Court on May 23, 2016. (Dkt. 25.) When resolving objections to a Report and Recommendation, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The Court "may accept, reject, or modify the recommended disposition; receive further evidence, or return the matter to the magistrate judge with instructions." Id.; *see also* 28 U.S.C. § 636(b)(1).

## I. Analysis

Plaintiff sets forth four objections to the Report and Recommendation: 1) the liberal standard applicable to *pro se* pleadings requires the Court to construe his "Emergency Motion" as a complaint; 2) the purported complaint includes allegations of injuries and retaliation, part of the retaliation being the post-filing transfer that may render this case moot; 3) the circumstances of his transfer rendered him unable to exhaust his administrative remedies before

3

October 17, 2014, and therefore amendment of his motion/complaint would not be futile; and 4) the burden for plaintiff to show cause as to why this case should not have been dismissed for failure to serve Moody should be on defendant, because he has already made his case as complainant.

### A. Objection 1: Construing the Initial Filing

Plaintiff's first objection requires the Court to review those filings he claims constitute a complaint. In federal court, a pro se complaint is entitled to a liberal construction and "must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citation omitted). On June 26, 2014, plaintiff filed his "Emergency Motion" attached to a Prisoner Civil Rights Complaint cover sheet. (Dkt. 1.) The motion seeks injunctive relief against Moody for a variety of injuries arising from what plaintiff deemed her "extreme and outrageous behavior." (Id. at 5.) On review of the motion, plaintiff does not cite any law that Moody violated, but instead strings together a series of allegations that he claims caused him emotional distress.

4

As Judge Patti rigorously detailed, plaintiff's motion seeks only injunctive relief, rather than monetary or other relief. (Dkt. 22 at 12-13.) On July 14, 2014, the Court also received a sworn statement from plaintiff in which he characterized his filing as "an EMERGENCY RESTRAINING ORDER against Miss Moody" that included a request "in that motion for a INJUNCTION which would provide me **injunctive relief** of having a judge order that I be moved to a Unit that does **NOT HAVE MISS MOODY WORKING IN IT**." (Dkt. 5 at 11 (emphasis in original).)

Plaintiff's original motion also referenced a separate complaint filed on June 9, 2014. (Dkt. 1 at 3.) No such filing is on record with this Court. In his emergency motion, plaintiff stated that a separate complaint was "submitted . . . to this honorable court for injustices which are occurring to Buffman even as he is submitting this EMERGENCY MOTION." (Id. (emphasis in original).) To the extent that plaintiff attempts to recast his motion as a complaint, he has routinely done so by citing to other documents filed after the motion. (*See, e.g.*, Dkt. 21 at 2 (citing a nonexistent page of plaintiff's second application to proceed in forma pauperis).)

5

On its face, the original filing in this case is not a complaint. It is a motion filed for injunctive relief pursuant to a complaint that plaintiff believed he filed on June 9, 2016. Plaintiff himself differentiated the two. Pro se pleadings are subject to a less stringent standard than those prepared by attorneys for represented parties. However, the Court cannot treat a motion filed subsequent to an unfiled but clearly referenced complaint as the complaint itself. Accordingly, Judge Patti's analysis was correct.

### B. Objection 2: Additional Allegations of Injuries, Including Transfer as Retaliation

Plaintiff's second objection seems to argue that he alleged a variety of injuries and retaliation, and that the transfer that is the basis of Judge Patti's recommendation that the case be dismissed as moot was part of the retaliation alleged.

As best the Court can discern, the purpose of this argument is twofold: first, to show that plaintiff was alleging injuries and pursuing claims in his motion other than those serving as the basis for his injunctive relief, rendering his motion a complaint, and second, to show that the case is not moot both because there are claims other than injunctive relief in the motion, and because the act rendering the case

moot was part of the injury the case sought to redress. The additional allegations plaintiff points to are either not in his motion and have not been asserted in this case, or are in the motion, and are part of the injuries alleged as the basis for injunctive relief. Either way, those allegations would not convert his motion for injunctive relief to a complaint, or qualify as claims other than ones for injunctive relief.

Plaintiff's transfer could not have been a part of the retaliation alleged in his complaint. Plaintiff filed his motion on June 26, 2014, and notified the Court that he had "recently been transferred" from FCI Milan to FCI Elkton in a letter written on June 11, 2015. (Dkt. 18 at 1.) Plaintiff also seems to make other allegations about his treatment with regard to the transfer, but does not allege in his motion or in his objections that his complaint against Moody was the trigger for the transfer or, if it were, that Moody has any further ability to cause him harm. Because the motion before the Court at this juncture consists entirely of a request to enjoin Moody from harming plaintiff, and the transfer has removed plaintiff from the facility where Moody worked, the motion, on its face, is moot.

### C. Objection 3: Futility of Amendment

7

Judge Patti determined that any amendment of the initial filing, if it were to be construed as a complaint, would be futile, and that plaintiff should not be granted leave to amend pursuant to Fed. R. Civ. P. 15(a). The futility arises from plaintiff's failure to exhaust administrative remedies before filing suit. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002) (federal prisoners suing under *Bivens* are required to exhaust inmate grievance procedures prior to instituting a § 1983 suit); *see also Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999) (prisoners "may not exhaust administrative remedies during the pendency of the federal suit.") (citation omitted).

Here, plaintiff filed his motion on June 26, 2014, and exhausted his administrative remedies on October 17, 2014. (Dkt. 21 at 4 (denial of Claim Number TRT-NCR-2014-04492).) Plaintiff argues that this case presents a unique "factual scenario" in which he was prevented from exhausting his administrative remedies because he was "literally [transferred] from the prison under [the] complaint and had to complete administrative grievance process in the new prison with very little or no cooperation from local prison staff, combined with unjustifiable delay in

the process of final stages of grievance ('TRT-NCR-2014-04492')." (Dkt. 25 at 9.)

Plaintiff's administrative grievance was completed on October 17, 2014. (Dkt. 21 at 4.) Communication regarding this lawsuit was successfully sent to plaintiff at FCI Milan via U.S. Mail on October 21, 2014 and January 13, 2015. (*See* Text-Only Certificates of Service, Oct. 21, 2014 and Jan. 13, 2015.) Plaintiff was then transferred from FCI Milan to FCI Elkton at some point in time reasonably close to June 11, 2015. (Dkt. 18.) Plaintiff did not have to complete his administrative grievance process in the new facility, because he was not transferred until roughly eight months after the administrative grievance process was complete. It is also unclear what the unjustifiable delay was with regard to plaintiff's administrative grievance, because plaintiff does not state when he filed the grievance or how long it took to resolve.

Plaintiff also relies on *Wolfe v. Alexander*, a Middle District of Tennessee case in which that court found that prisoners were excused from exhausting administrative remedies because "a grievance procedure is not 'available' even if one exists on paper if the defendant prison officials somehow prevent a prisoner from using it." *Id.*, Case

9

No. 11-cv-0751, 2014 WL 4897733, at *15 (M.D. Tenn. Sept. 30, 2014) (citing *Brock v. Kenton Cnty.*, 93 Fed. Appx 793, 798 (6th Cir. 2004) (collecting cases)) (further citations omitted). Plaintiff has not stated how Moody or any other prison officials made the grievance procedure unavailable by allegedly transferring him to another facility eight months after he completed the process and nearly a year after he filed suit.

The Court agrees with Judge Patti that if the initial filing is construed as a complaint, any amendment would be futile because plaintiff failed to properly exhaust his administrative remedies, which he was required to do before filing suit in federal court. 42 U.S.C. § 1997e(a). The Court further notes that under 28 U.S.C. § 14.9, the time for plaintiff to file suit in federal court based on the denial was "not later than 6 months after the date of mailing of the notification." In this case, that would have been April 17, 2015, which means that the time for filing another suit following denial of the grievance has also run.

**D. Objection 4: The Burden For Plaintiff To Show Cause**

On November 13, 2015, Judge Patti issued an order for plaintiff to show cause why this case should proceed, given that the case appeared to be moot. (Dkt. 20.) On November 30, 2015, plaintiff replied by repeating many of the same arguments included in his objections. (Dkt. 21.)

Plaintiff objects to Judge Patti's determination that he has not shown cause why this case should not be dismissed on two grounds: first, that Judge Patti's finding is too harsh, and that plaintiff has not been able to properly object to Judge Patti's recommendation that this case be dismissed; and second, that the burden should be on Moody to show cause because plaintiff has already made his case in his initial filing. (Dkt. 25 at 10.)

Plaintiff has had two opportunities to object to dismissal of this case: his response to the order to show cause (Dkt. 21), and his objections to the Report and Recommendation. (Dkt. 25.) Plaintiff was also given a thirty-day extension to file his objections to the Report and Recommendation. (Dkt. 24.) These opportunities were sufficient to set forth detailed objections to any recommendation that Judge Patti made to the Court.

The remaining defendant in this case should not have to show cause why plaintiff's case should or should not proceed. Judge Patti identified numerous significant issues with the nature and prosecution of this case by plaintiff in his original order and in the Report and Recommendation. The only party that could sufficiently address those issues was plaintiff. Accordingly, Judge Patti's show cause order and Report and Recommendation were both properly directed toward plaintiff.

## II. Conclusion

For the reasons set forth above, it is hereby ordered that:

Judge Patti's Report and Recommendation (Dkt. 22) is ADOPTED;

Plaintiff's motion (Dkt. 1) is DENIED AS MOOT;[1] and

This case is DISMISSED WITH PREJUDICE. The Court certifies that an appeal of this decision would not be taken in good faith.

IT IS SO ORDERED.

Dated: June 20, 2016            s/Judith E. Levy
Ann Arbor, Michigan             JUDITH E. LEVY
                                United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 20, 2016.

                                s/Felicia M. Moses
                                FELICIA M. MOSES
                                Case Manager

---

[1] If the motion is construed as a complaint, then the complaint should be considered DISMISSED WITH PREJUDICE AS MOOT.